MURPHY, Judge.
 

 *221
 
 Roshawn Thompson ("Defendant") appeals from his conviction for robbery with a dangerous weapon. On appeal, he contends that the trial court erred by (1) sustaining the State's objection to Defendant's use of an unauthenticated screenshot during cross-examination of the victim; (2) permitting the State to introduce a picture of Defendant making "the middle finger" gesture for illustrative purposes; (3) causing cumulative prejudice from evidentiary rulings; (4) finding that the offense involved criminal street gang activity pursuant to N.C.G.S. § 14-50.25 (2015) ; and (5) violating his rights under the Fifth and Sixth Amendments to the United States Constitution by making the criminal street gang activity finding without a finding by the jury. After careful review, we hold that the trial court did not abuse its discretion in sustaining the State's objection to Defendant's use of an unauthenticated screenshot during cross-examination of the victim, or in permitting the State to introduce a picture of Defendant making "the middle finger" gesture for illustrative purposes. Since the trial court did not err in its evidentiary rulings, issues (1) and (2) did not create cumulative prejudice. While we decline to reach the constitutionality of N.C.G.S. § 14-50.25, we agree with Defendant that the trial court erred in finding that the offense involved criminal street gang activity and we remand for resentencing on the
 
 *692
 
 underlying felony without the criminal street gang activity finding.
 

 Background
 

 On 7 November 2014, Mr. Kendall Rascoe, Jr. ("Rascoe") traveled to Greenville to go to a shopping mall and to see his cousin, LaToya. As he left the mall, he saw his other cousin, Defendant, at a stop sign. Rascoe spoke with Defendant, who agreed to drive him to his brother's house. After Rascoe got in the car, Defendant received a phone call, after which Defendant told Rascoe he needed to pick up Andre Grey ("Grey"). Rascoe rode with Defendant to pick up Grey. Defendant then drove to
 
 *222
 
 a dead end, and Grey pulled a gun on Rascoe, directing him to "give everything up." Defendant instructed Rascoe "to give everything up or he was going to [be shot.]" Defendant reached into Rascoe's pockets and removed Rascoe's money, identification, cell phone, and global cash card with Grey's gun still pressed against Rascoe's neck. Defendant and Grey got out of the car and opened Rascoe's passenger door. Rascoe got out and Grey pulled Rascoe's coat hood over his head and put the gun to his forehead. Defendant punched Rascoe in the face and left with Grey. Rascoe called law enforcement from a nearby home. Rascoe met with Detective Gillen and identified Defendant and Grey through Defendant's Facebook page. Subsequently, Defendant was charged with robbery with a dangerous weapon.
 

 Defendant was convicted of robbery with a dangerous weapon. During sentencing, the State requested "gang restrictions" and Defendant's Judgment reflects a finding that the "offense(s) involved criminal street gang activity." Defendant gave oral notice of appeal.
 

 Analysis
 

 I.
 
 Unauthenticated Screenshot of a Facebook Message
 

 At trial, during Rascoe's cross-examination, Defendant's counsel elicited testimony that Rascoe had spoken on Facebook with Defendant on the offense date, 7 November 2014. Defendant's counsel then asked Rascoe if he went to Greenville that day to buy marijuana and whether he contacted Defendant to buy marijuana. Rascoe replied no to both questions. Defendant's counsel then asked to approach the judge outside the jury's presence. Outside the jury's presence, Defendant's counsel described a screenshot of what he alleged was a Facebook message between Defendant and Rascoe the day of the incident in question. Defendant explained that he did not seek to admit the document, he only wanted to use it to "hit [Rascoe's] incredibility, impeach his testimony and ask him some questions." The State had not received this screenshot pursuant to reciprocal discovery. The State expressed that it seriously doubted the screenshot was admissible, but that the trial court would see if it was if the Defendant put it on as evidence. Until then, Defendant's counsel could ask Rascoe questions, but was stuck with the answers. Judge Blount instructed that Defendant's counsel could not hold the screenshot in his hand. Judge Blount made it clear that Defendant could continue to ask questions, which his counsel did.
 

 Defendant argues that the trial court abused its discretion by sustaining the State's objection to the introduction of an unauthenticated screenshot to impeach Rascoe's credibility. We disagree.
 

 *223
 
 The scope of cross-examination is within the discretion of the trial judge.
 
 State v. Forte
 
 ,
 
 360 N.C. 427
 
 , 442,
 
 629 S.E.2d 137
 
 , 147 (2006). A trial judge abuses his discretion when a ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Whaley
 
 ,
 
 362 N.C. 156
 
 , 160,
 
 655 S.E.2d 388
 
 , 390 (2008) (quoting
 
 State v. Peterson
 
 ,
 
 361 N.C. 587
 
 , 602-03,
 
 652 S.E.2d 216
 
 , 227 (2007) ). In reviewing whether a trial judge abused his discretion, "we consider not whether we might disagree with the trial court, but whether the trial court's actions are fairly supported by the record."
 
 Id.
 
 at 160,
 
 655 S.E.2d at 390
 
 .
 

 "[A] witness's character or propensity for telling the truth is subject to impeachment through cross-examination about prior inconsistent statements[.]"
 
 State v. Mitchell
 
 ,
 
 169 N.C. App. 417
 
 , 420,
 
 610 S.E.2d 260
 
 , 263 (2005). "Whether a foundation must
 
 *693
 
 be laid before a prior inconsistent statement may be shown depends on whether the prior inconsistency relates to a matter pertinent and material to the pending inquiry, or is merely collateral."
 
 State v. Mack
 
 ,
 
 282 N.C. 334
 
 , 340,
 
 193 S.E.2d 71
 
 , 75 (1972) (emphasis and citations omitted). For material matters, "statement[s] may be shown by other witnesses without the necessity of first laying a foundation therefor by cross-examination."
 
 Id
 
 . at 334,
 
 193 S.E.2d at 75
 
 . When the impeachment about prior inconsistent statements involves only a collateral matter, the witness' answers are conclusive and extrinsic evidence may not be presented to contradict the witness.
 
 Mitchell
 
 ,
 
 169 N.C. App. at 420
 
 ,
 
 610 S.E.2d at 263
 
 . "The proper test for determining what is material and what is collateral is whether the evidence offered in contradiction would be admissible if tendered for some purpose other than mere contradiction; or in the case of prior inconsistent statements, whether evidence of the facts stated would be so admissible."
 
 State v. Long
 
 ,
 
 280 N.C. 633
 
 , 640,
 
 187 S.E.2d 47
 
 , 51 (1972).
 

 Defendant never sought to admit the screenshot. He only wanted to "hit [Rascoe's] incredibility, impeach his testimony and ask him some questions." This was permissible, as Rascoe's character or propensity for telling the truth was subject to impeachment about prior inconsistent statements.
 
 See
 

 Mitchell
 
 ,
 
 169 N.C. App. at 420
 
 ,
 
 610 S.E.2d at 263
 
 (explaining that cross-examination of a witness may include questions about prior inconsistent statements for impeachment purposes). While Defendant could ask about the screenshot, he could not impeach Rascoe's credibility with extrinsic evidence to prove the contents of the screenshot where no foundation had been laid and the materiality of the posts had not been demonstrated by Defendant. Although this matter may have affected the jury's view of Rascoe's credibility, Defendant did
 
 *224
 
 not demonstrate its admissibility as to the issue of whether Defendant and Grey robbed the victim at gunpoint. As the record demonstrates this matter could be deemed collateral, and Defendant did not argue otherwise, the trial court did not abuse its discretion in requiring Defendant to lay a foundation before using the unauthenticated screenshot as a prop while cross-examining Rascoe.
 

 Nonetheless, Defendant had the opportunity to ask Rascoe whatever questions he wanted to about the information the screenshot contained. Defendant's argument that he was unable to conduct voir dire to establish authenticity or purpose of the document is misplaced. Defendant never requested to make an offer of proof or attempted to otherwise introduce the screenshot. The trial court's actions are fairly supported by the record, and no abuse of discretion took place.
 

 II.
 
 Illustrative Picture of Defendant and Grey
 

 Subsequent to Rascoe's testimony, the State called Detective Brian Gillen who had investigated the incident in question. During the direct examination of the detective, he described how Rascoe showed him a picture of Defendant and Grey on Defendant's Facebook page for identity purposes. Detective Gillen described using a snipping tool and printing the exact picture that Rascoe had shown him for identity purposes. The State moved to enter the exhibit into evidence for illustrative purposes, and, although Defendant objected as to the picture's authentication, his objection was overruled, and the picture was admitted.
 

 Defendant argues that the trial court committed plain error by allowing the State to introduce a picture of Defendant and Grey, wherein Defendant's middle fingers are extended, for illustrative purposes because it was not relevant to the trial and had a prejudicial effect. We disagree.
 

 "[T]he plain error standard of review applies on appeal to unpreserved instructional or evidentiary error."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012). Plain error exists when: (1) there is an error; (2) that is plain; (3) that affects a substantial right; (4) that must seriously affect the fairness, integrity or public reputation of judicial proceedings.
 
 Id
 
 ., at 515-16,
 
 723 S.E.2d at 332-33
 
 . "[P]lain error review should be used sparingly, only in exceptional circumstances, to reverse criminal convictions on the basis of unpreserved error[.]"
 

 *694
 

 Id.
 
 at 517,
 
 723 S.E.2d at 333
 
 . Relevant evidence-evidence having any tendency to make the existence of any fact of consequence to the determination of the action more or less probable-is admissible unless disallowed by federal or state law. N.C.G.S. § 8C-1, Rule 401 - 02 (2015). The trial judge
 
 *225
 
 has the discretion to exclude relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C.G.S. § 8C-1, Rule 403 (2015). Photographs that are material and relevant to illustrate a witness' identification of a defendant are admissible for illustrative purposes. N.C.G.S. § 8-97 (2015) ;
 
 State v. Brady
 
 ,
 
 299 N.C. 547
 
 , 558,
 
 264 S.E.2d 66
 
 , 72 (1980). Such photographs may be authenticated by the testimony of a witness with knowledge "that a matter is what it claimed to be." N.C.G.S. § 8C-1, Rule 901 (2015).
 

 Here, the trial court properly admitted the photograph pursuant to N.C.G.S. § 8-97 to illustrate Detective Gillen's testimony that Rascoe used the photograph to identify Defendant and Grey. Before the trial court admitted the photograph for this purpose, Detective Gillen testified as to how Rascoe located the photograph and used it to identify Defendant and Grey, authenticating the photograph pursuant to Rule 901(b)(1) of the North Carolina Rules of Evidence. Thereafter, the trial judge properly instructed the jury that it was only to consider the photograph for its limited purpose: illustrating and explaining Detective Gillen's testimony. The photograph was relevant to the victim's identification of Defendant, and it was not unduly prejudicial. Therefore, the admission of the photograph was proper. While Defendant correctly notes that we have not considered the "prejudice involved with photographs depicting a suspect making the gesture known as 'the middle finger'," we do not conclude, given the evidence in this case, that such a picture, admitted for illustrative purposes, had a probable impact on the jury's verdict.
 
 See
 

 Lawrence
 
 ,
 
 365 N.C. at 518
 
 ,
 
 723 S.E.2d at 334
 
 (articulating the plain error standard of review). Therefore, we conclude that the trial court committed no error, much less plain error, in admitting the photograph for illustrative purposes.
 

 III.
 
 Cumulative Error
 

 Defendant avers that the trial court deprived Defendant of his due process right to a trial free from prejudicial error by limiting Defendant's cross-examination of Rascoe and admitting the illustrative picture of Defendant and Grey. We disagree. As explained above, the trial court did not err in the rulings Defendant raises as issues on appeal. Therefore, Defendant's argument has no merit.
 

 IV.
 
 Criminal Street Gang Activity Finding
 

 During sentencing, the State requested "gang restrictions" as follows:
 

 [State]: The Defendant ... has been validated by the Division of Adult Corrections as being a Blood gang member,
 
 so we
 

 *226
 

 would ask for gang restrictions
 
 . Mr. Grey, the co-defendant in this case ... [is] also a Blood gang member, so that's definitely gang affiliation
 
 that played a part in this
 
 , your Honor. We would ask that you sentence accordingly.
 

 [Court]: All right, Madam Clerk, judgment in file number 14 CRS 59021. Stand up, sir. The Defendant having been found guilty of robbery with a dangerous weapon, it's a Class D felony. The Court determines prior record points to be 4, prior record level II. The sentence is in the presumptive range. The Court orders that the Defendant be in prison for a term of 65 to 90 months in the custody of the North Carolina Department of Corrections. The Defendant be given credit for any time spent in confinement prior to the date of this judgment. The Court
 
 upon the finding of gang affiliation orders gang restrictions
 
 ... [.]
 

 (Emphasis added). The Judgment includes a finding that the "offense(s) involved criminal street gang activity."
 

 Defendant argues that the trial court erred by finding that the offense committed by Defendant involved criminal street gang activity pursuant to Section 14-50.25 of the North Carolina General Statutes. The record contains no evidence that supports the conclusion that Defendant's crime involved
 
 *695
 
 criminal street gang activity. The State agrees; however, it argues that the finding did not amount to error or plain error because the finding was a clerical error. We agree with Defendant that this was a judicial error and not a clerical error, and therefore we cannot remand the case as clerical error.
 

 "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination" and "include[s] mistakes such as inadvertent checking of boxes on forms or minor discrepancies between oral rulings and written orders."
 
 In re D.D.J.
 
 ,
 
 177 N.C. App. 441
 
 , 444,
 
 628 S.E.2d 808
 
 , 811 (2006) (internal quotation and citations omitted). Trial court judges have the authority to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission[.]" N.C.G.S. § 1A-1, Rule (60)(a) (2015). However, trial courts do not have the power "to affect the substantive rights of the parties or correct substantive errors in their decisions."
 
 Hinson v. Hinson
 
 ,
 
 78 N.C. App. 613
 
 , 615,
 
 337 S.E.2d 663
 
 , 664 (1985).
 

 A clerical error did not occur here. The trial judge announced in open court that the court ordered gang restrictions "upon the finding
 
 *227
 
 of gang affiliation." He made this determination immediately after the State remarked that Defendant's alleged gang affiliation "played a part in this." Following the State's assertion and the trial judge's order, the Judgment reflected the judicial determination that gang activity played a part in the crime through a criminal street gang activity finding pursuant to N.C.G.S. § 14-50.25. As the error resulted from a judicial determination, the case cannot be remanded as a clerical error.
 

 Accordingly, we address the trial court's error. Even though Defendant did not object to this error at sentencing, we may review this error as preserved because "[a]n error at sentencing is not considered an error at trial for the purpose of [North Carolina Rule of Appellate Procedure] 10(b)(1)[.]"
 
 State v. Curmon
 
 ,
 
 171 N.C. App. 697
 
 , 703,
 
 615 S.E.2d 417
 
 , 422 (2005).
 

 N.C.G.S. § 14-50.25 provides that when a defendant is found guilty of a criminal offense relevant to the statute "the presiding judge shall determine whether the offense involved criminal street gang activity." If the judge makes this determination, then he "shall indicate on the form reflecting the judgment that the offense involved criminal street gang activity." N.C.G.S. § 14-50.25. We have previously held that "making a finding of criminal street gang activity [is] a 'substantive change' in [a judgment.]"
 
 State v. Dubose
 
 ,
 
 208 N.C. App. 406
 
 , 413,
 
 702 S.E.2d 330
 
 , 335 (2010).
 

 Determinations assigned to the trial judge are generally reviewed for abuse of discretion.
 
 See, e.g.,
 

 State v. McGrady
 
 ,
 
 368 N.C. 880
 
 , 893,
 
 787 S.E.2d 1
 
 , 11 (2016) (reviewing a trial judge's determination as to whether the proffered expert testimony qualified under North Carolina Rule of Evidence 702(a) );
 
 State v. Ford
 
 , --- N.C. App. ----, ----,
 
 782 S.E.2d 98
 
 , 103 (2016) (reviewing a trial judge's determination as to North Carolina Rule of Evidence 403 );
 
 State v. Smith
 
 ,
 
 241 N.C. App. 619
 
 , 624-627,
 
 773 S.E.2d 114
 
 , 118-19,
 
 review denied
 
 ,
 
 368 N.C. 355
 
 ,
 
 776 S.E.2d 857
 
 (2015) (reviewing a trial court judge's decision to permit a withdrawal of counsel).
 

 The statute assigns the trial judge the task of determining whether the offense involved criminal street gang activity. The trial judge here determined that the offense involved criminal street gang activity even though there was no evidence presented at trial supporting the trial judge's decision. Therefore, because the trial judge based this determination on no evidence, he abused his discretion by making the criminal street gang activity finding.
 
 See
 

 State v. Riddick
 
 ,
 
 315 N.C. 749
 
 , 756,
 
 340 S.E.2d 55
 
 , 59 (1986) ("A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported
 
 *228
 
 by reason and could not have been the result of a reasoned decision.") Thus, we remand for a new sentencing hearing to be conducted without the finding that the offense involved criminal street gang activity.
 
 *696
 
 Defendant requests that we apply Rule 2 to invalidate N.C.G.S. § 14-50.25 on constitutional grounds.
 
 [1]
 
 However, it is well-established that our Court will not decide a constitutional question when a case may be disposed on other grounds.
 
 Dubose
 
 ,
 
 208 N.C. App. at 413
 
 ,
 
 702 S.E.2d at 335
 
 . Thus, we decline to reach this issue, reserving the review of N.C.G.S. § 14-50.25 's constitutionality for a later decision.
 

 Conclusion
 

 Finding no error as to the exclusion of an unauthenticated Facebook screenshot and no plain error in admitting a picture used during the identification of Defendant, we do not find any cumulative error requiring a new trial. Having resolved the evidentiary judicial error as to criminal street gang activity, we need not reach the constitutionality of the statute. For the reasons stated above, the judgment of the trial court is affirmed in part; and remanded for a new sentencing hearing consistent with this opinion.
 

 NO ERROR IN PART; VACATED AND REMANDED IN PART FOR A NEW SENTENCING HEARING.
 

 Judges CALABRIA and DIETZ concur.
 

 [1]
 

 Defendant argues that N.C.G.S. § 14-50.25 is unconstitutional on its face and as applied to Defendant because it requires a judge to make factual findings that enhance the penalty for a crime in violation of the Fifth and Sixth Amendments to the United States Constitution, citing
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 476,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000) in support of his argument. The State declined to brief this issue, claiming that the constitutionality of this statute does not need to be addressed in this appeal because the error was clerical. However, as discussed above, this error was clearly judicial.