IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-715

 Filed: 18 August 2020

Mecklenburg County, Nos. 17 CRS 234118-119, 234122-123, 032613

STATE OF NORTH CAROLINA

 v.

MITCHELL ANDREW TUCKER, Defendant.

 Appeal by defendant from judgments entered 30 May 2018 by Judge Jesse B.

Caldwell III in Mecklenburg County Superior Court. Heard in the Court of Appeals

1 April 2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Bethany A.
 Burgon, for the State.

 Guy J. Loranger for defendant-appellant.

 YOUNG, Judge.

 Where the evidence, taken in the light most favorable to the State, did not

permit the jury to infer that defendant knew of the terms of the protective order, the

trial court erred in denying defendant’s motion to dismiss. Where the evidence did

not permit the jury to find that defendant knew of a protective order, it did not permit

the jury to find defendant guilty of breaking and entering in violation of a protective

order, and the trial court committed plain error in instructing the jury on that theory

of guilt. We reverse.

 I. Factual and Procedural Background
 STATE V. TUCKER

 Opinion of the Court

 Mitchell Andrew Tucker (defendant), a 61-year-old homeless man, met Deanna

Pasquarella (Pasquarella), also homeless, in August of 2016. They stayed together

in a tent for some time, but in October of 2016, defendant assaulted Pasquarella and

threatened her with a knife, after which she moved out of his tent. This incident went

unreported. By June of 2017, Pasquarella had turned her life around and was living

in an apartment and working at a job. Pasquarella still saw defendant occasionally,

and he would periodically spend the night.

 In August of 2017, however, defendant again assaulted Pasquarella. This

time, police were involved, and defendant was arrested. Pasquarella also filed for

and received an ex parte domestic violence protective order (the first DVPO) against

defendant. This order expired on 6 September 2017. Defendant was served with the

first DVPO on 28 August 2017, while defendant was in jail. Defendant was also

served with a notice of hearing to be held on 6 September 2017, at which time it would

be determined if another DVPO would be entered. Defendant failed to attend the

hearing, and on 6 September 2017, a year-long domestic violence protective order (the

second DVPO) was entered against defendant. Notice of the second DVPO was placed

in the mail on 7 September 2017 and sent to defendant’s known address, the

Mecklenburg County Jail. Defendant was not residing at the jail when notice was

mailed there.

 2
 STATE V. TUCKER

 Opinion of the Court

 On the morning of 7 September 2017, defendant went to Pasquarella’s home.

Pasquarella, on seeing defendant through the peephole, fled to a closet and called

police. While on the phone, Pasquarella heard defendant break into her apartment.

Defendant dragged Pasquarella through the apartment and threatened her with a

knife. At this point, police officers entered the apartment and heard defendant

exclaim “I’m going to kill you.” Officers separated defendant from Pasquarella and

restrained defendant.

 The Mecklenburg County Grand Jury indicted defendant for violating a civil

DVPO while in possession of a deadly weapon, felonious breaking or entering, assault

with a deadly weapon, and assault on a female. The Grand Jury subsequently also

indicted defendant for attaining the status of an habitual breaking and entering

felon. At trial, at the close of the State’s evidence and again at the close of all the

evidence, defendant moved to dismiss the charges against him. In addition to general

motions to dismiss, defendant specifically alleged that the State had failed to prove

that defendant had knowledge of the second DVPO. The trial court denied these

motions.

 The jury returned verdicts finding defendant guilty of violating a protective

order while in possession of a deadly weapon, felonious breaking or entering in

violation of the second DVPO, assault with a deadly weapon, and assault on a female.

Defendant pleaded guilty to the habitual felon charge. The trial court entered

 3
 STATE V. TUCKER

 Opinion of the Court

findings in aggravation and mitigation, and found that the latter outweighed the

former. The court then consolidated the felony charges of breaking and entering,

violating a protective order with a deadly weapon, and habitual felon, and sentenced

defendant to a minimum of 95 months and a maximum of 126 months in the custody

of the North Carolina Department of Adult Correction. The court separately

sentenced defendant to 60 days for assault with a deadly weapon, and 30 days for

assault on a female, also to be served in the custody of the North Carolina Department

of Adult Correction. These sentences were to run consecutively.

 Defendant appeals.

 II. Motion to Dismiss

 In his first argument, defendant contends that the trial court erred in denying

his motions to dismiss. We agree.

 A. Standard of Review

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). “‘Upon defendant’s

motion for dismissal, the question for the Court is whether there is substantial

evidence (1) of each essential element of the offense charged, or of a lesser offense

included therein, and (2) of defendant’s being the perpetrator of such offense. If so,

the motion is properly denied.’” State v. Fritsch, 351 N.C. 373, 378, 526 S.E.2d 451,

 4
 STATE V. TUCKER

 Opinion of the Court

455 (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), cert.

denied, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

 “In making its determination, the trial court must consider all evidence

admitted, whether competent or incompetent, in the light most favorable to the State,

giving the State the benefit of every reasonable inference and resolving any

contradictions in its favor.” State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223

(1994), cert. denied, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

 B. Analysis

 At trial, defendant moved to dismiss the charges against him, alleging, inter

alia, that he had no notice of the second DVPO, and therefore that he could not be

found to have willfully violated it. The trial court denied these motions, and on

appeal, defendant contends that this was error. Defendant limits his argument to

the charge of violating a domestic violence protective order while in possession of a

deadly weapon, and accordingly, we will likewise limit our analysis.

 Our General Statutes provide that “any person who, while in possession of a

deadly weapon on or about his or her person or within close proximity to his or her

person, knowingly violates a valid protective order . . . shall be guilty of a Class H

felony.” N.C. Gen. Stat. § 50B-4.1(g) (2019). The indictment on this charge

specifically states, in relevant part, that defendant “did unlawfully, willfully, and

feloniously violate a valid protective order . . . issued on September 6, 2017[.]”

 5
 STATE V. TUCKER

 Opinion of the Court

However, defendant contends that there was no evidence that he knew of the second

DVPO, and therefore no evidence that his violation thereof was knowing.

 Our Supreme Court has held that knowledge may be proved “by circumstantial

evidence from which an inference of knowledge might reasonably be drawn.” State v.

Boone, 310 N.C. 284, 295, 311 S.E.2d 552, 559 (1984), superseded on other grounds,

State v. Oates, 366 N.C. 264, 267, 732 S.E.2d 571, 574 (2012). In support of its case,

the State noted that, although defendant was not present for the hearing that

resulted in the second DVPO and did not receive notice of the entry of the second

DVPO, defendant did receive a summons and notice of the 6 September 2017 hearing.

The summons provided that “[i]f you fail to answer the complaint, the plaintiff will

apply to the Court for relief demanded in the complaint.” The State also presented

the testimony of officer James McCarty (Officer McCarty), who responded to

Pasquarella’s call. The State played a recording for the jury, taken from Officer

McCarty’s body camera. On the recording, as Officer McCarty pulled defendant and

Pasquarella apart, Pasquarella commented, “That’s why I got a court order,” and

defendant replied, “I know, I know.” This evidence is somewhat tenuous, but the

State nonetheless contends that, taken together, this evidence shows that (1) a

hearing would be held on 6 September 2017 to determine whether Pasquarella was

entitled to a protective order, (2) if defendant failed to attend that hearing, a

 6
 STATE V. TUCKER

 Opinion of the Court

protective order would indeed be entered, and (3) by his comment “I know, I know,”

defendant was aware of the entry of the second DVPO.

 Defendant argued at trial, and argues on appeal, that his statement, “I know,

I know,” could refer to the first DVPO, which expired on 6 September 2017, the day

before he broke into Pasquarella’s apartment. He further argues that although the

summons provided that “plaintiff will apply to the Court for relief demanded in the

complaint,” there was no guarantee that the second DVPO would in fact be granted,

or what its terms would entail. As such, defendant contends that any purported

evidence of his knowledge of the second DVPO was insufficient.

 Considering the evidence in the light most favorable to the State, giving the

State the benefit of every reasonable inference, the evidence shows that defendant

was aware of the first DVPO. The record demonstrates that a sheriff’s deputy read

the ex parte order to defendant while defendant was in jail, and “left the service copy

with the defendant.” This evidence supports a finding that defendant was aware of

the terms of the first DVPO, including the requirement to stay away from

Pasquarella. However, the State presented no evidence that defendant received

notice or was otherwise aware of the second DVPO.

 The State argued at trial that the second DVPO was a continuation of the first,

and does so likewise on appeal. Indeed, this Court has held that, where a DVPO was

continuously in effect for a period of time and a defendant made statements

 7
 STATE V. TUCKER

 Opinion of the Court

suggesting his awareness thereof, the fact that the defendant may have failed to

attend a hearing to renew it does not preclude a jury from inferring that the

defendant possessed knowledge of the order. For example, in State v. Hairston, 227

N.C. App. 226, 741 S.E.2d 928 (2013) (unpublished), a DVPO had been entered and

renewed twice, although the defendant argued that he was not present at the renewal

hearing. The defendant, when confronted by an officer, made comments suggesting

his awareness of a court order. This Court held that this evidence, taken in the light

most favorable to the State, “constituted substantial circumstantial evidence from

which the jury could infer that defendant knowingly violated the DVPO.” Id.

Hairston is not the only case of this nature. See e.g. State v. Elder, 206 N.C. App. 763,

699 S.E.2d 141 (2010) (unpublished) (DVPO had been continuously in place for

several years, and evidence showed that defendant had been told an order was in

place). However, it is worth noting that in both of these cases, this Court recognized

that there was also evidence that each defendant was present for their respective

renewal hearings.

 These cases, however, are unpublished, and thus not binding upon this Court.

And while it is true that defendant, in the instant case, received notice of the 6

September 2017 hearing, there is no evidence that he was aware that the second

DVPO was issued as a result of that hearing prior to his conduct. Nor is there any

 8
 STATE V. TUCKER

 Opinion of the Court

evidence, unlike in Hairston and Elder, that defendant was present for the renewal

hearing.

 The State also notes defendant’s statement, while attacking Pasquarella, that

he was aware of a court order. And while the State argues that defendant’s statement

could have been a reference to the second DVPO, this evidence is simply too tenuous

to form a basis for a reasonable inference by the jury.

 Because there was no direct evidence that defendant had knowledge,

constructively or in fact, of the second DVPO, and because any circumstantial

evidence of his knowledge was tenuous at best, we hold that the State failed to show

knowledge of the DVPO, an essential element of the charge against him. We

therefore hold that trial court erred in denying defendant’s motion to dismiss.

 III. Jury Instructions

 In his second argument, defendant contends that the trial court committed

plain error in its instructions to the jury. We agree.

 A. Standard of Review

 “In criminal cases, an issue that was not preserved by objection noted at trial

and that is not deemed preserved by rule or law without any such action nevertheless

may be made the basis of an issue presented on appeal when the judicial action

questioned is specifically and distinctly contended to amount to plain error.” N.C.R.

 9
 STATE V. TUCKER

 Opinion of the Court

App. P. 10(a)(4); see also State v. Goss, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007),

cert. denied, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

 The North Carolina Supreme Court “has elected to review unpreserved issues

for plain error when they involve either (1) errors in the judge’s instructions to the

jury, or (2) rulings on the admissibility of evidence.” State v. Gregory, 342 N.C. 580,

584, 467 S.E.2d 28, 31 (1996).

 “Under the plain error rule, defendant must convince this Court not only that

there was error, but that absent the error, the jury probably would have reached a

different result.” State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

 B. Analysis

 At trial, the trial court instructed the jury that it could find defendant guilty

of felonious breaking or entering if it found that defendant did so in violation of the

second DVPO. Defendant now contends that this instruction was in error. Because

defendant did not object to this instruction at trial, we review this argument for plain

error.

 Defendant contends that the jury was instructed in the disjunctive, that

defendant could be found guilty of felony breaking and entering either because he

possessed the intent to violate the second DVPO while in possession of a deadly

weapon, or because he possessed the intent to commit assault with a deadly weapon

with intent to kill. He contends further that where a jury is instructed on alternative

 10
 STATE V. TUCKER

 Opinion of the Court

theories of guilt, one of which is unsupported by the evidence, and it cannot be

discerned from the record which theory or theories the jury relied on to reach its

verdict, a defendant is entitled to a new trial.

 However, it is patently obvious which theory the jury relied upon to arrive at

its verdict. The jury, in its verdict sheet, specifically found defendant “guilty of

felonious breaking or entering in violation of a valid domestic violence protective

order issued September 6, 2017[.]” It is plain and unambiguous that the jury found

defendant guilty on the basis of intent to violate the second DVPO.

 As we held above, the State did not present sufficient evidence of defendant’s

knowledge of the second DVPO. Accordingly, it was error for the trial court to permit

the jury to convict on that basis. It is clear that, had the trial court not instructed

the jury that it could find defendant guilty based on knowing violation of the second

DVPO, the jury would not have found him guilty on that basis. As the jury probably

would have reached a different result, defendant has shown that this instruction

constituted plain error. Accordingly, we must reverse defendant’s conviction for

felonious breaking or entering.

 IV. Conclusion

 The trial court erred in denying defendant’s motions to dismiss the charge of

violation of a protective order while in possession of a deadly weapon, as the State

failed to present sufficient evidence of defendant’s knowledge of the second DVPO.

 11
 STATE V. TUCKER

 Opinion of the Court

Additionally, the trial court committed plain error in instructing the jury that it could

find defendant guilty of felonious breaking or entering on the basis of violation of a

valid protective order. The remaining two charges, assault with a deadly weapon and

assault on a female, are unaffected by these errors. We therefore reverse defendant’s

convictions for violation of a valid protective order while in possession of a deadly

weapon and felonious breaking or entering. Because these charges formed the basis

for defendant’s habitual felon plea, we must vacate that plea.

 REVERSED IN PART, VACATED IN PART.

 Judge COLLINS concurs.

 Judge MURPHY concurs in part and dissents in part in separate opinion.

 12
No. COA19-715 – State v. Tucker

 MURPHY, Judge, concurring in part, dissenting in part, and concurring in the

judgment.

 When the State presents only speculative evidence that a defendant knew of

the existence of a protective order, a trial court commits error when it denies a motion

to dismiss charges of knowingly violating that protective order. Additionally, a trial

court commits plain error when it issues a disjunctive jury instruction that includes

an alternative theory unsupported by the evidence, and the Record does not contain

information allowing a reviewing court to discern which theory or theories the jury

relied on in arriving at its verdict. While I disagree with the Majority’s reliance on

two unpublished opinions in its analysis, and would also sanction the State for

misleading comments in its brief, I concur in part, including in the judgment.

 BACKGROUND

 In the present case, the victim obtained a domestic violence protective order

(“DVPO”) on 28 August 2017, after an ex parte hearing in the District Court, and the

Mecklenburg County Sheriff’s Office served the 28 August 2017 order on Defendant

at the Mecklenburg County jail. The Notice of Hearing on Domestic Violence

Protective Order stated that

 the attached Ex Parte Order has been issued against you.
 If you violate the Order, you are subject to being held in
 contempt or being charged with the crime of violating this
 Ex Parte Order. A hearing will be held before a district
 court judge at the date, time and location indicated below.
 At that hearing it will be determined whether the Order
 will be continued.
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

(Emphasis added). The Civil Summons Domestic Violence form stated that “[i]f

[Defendant] fail[s] to answer the complaint, the [P]laintiff will apply to the Court for

the relief demanded in the complaint.” (Emphasis added).

 The 28 August 2017 DVPO expired on 6 September 2017, the same day an

afternoon hearing was scheduled. Defendant did not appear at the 6 September 2017

hearing. Additionally, the 6 September 2017 order was a separate order from, and

not a continuation of, the 28 August 2017 order. See Hensey v. Hennessy, 201 N.C.

App 56, 66, 685 S.E.2d 541, 548 (2009) (holding that the “defendant [was] incorrect

in his argument that the [one-year] DVPO [was] dependent upon a valid ex parte

DVPO. The two orders are independent of one another, and in some situations, a

DVPO . . . is entered properly even though an ex parte order may have been denied

or was never requested”).

 The 6 September 2017 order was mailed to Defendant’s last known address,

the Mecklenburg County jail. The District Court entered the 6 September 2017 order

in the afternoon, and, according to its daily “mailing process,” the clerk’s office did

not mail the order until the next day, 7 September 2017. Regardless, Defendant no

longer resided at the jail, and did not receive the mailed order.

 Defendant went to the victim’s apartment the morning of 7 September 2017.

The victim testified that Defendant knocked on her door right after she awoke, while

she “was getting ready for work.” She called 911 at 8:18 a.m. and ran to her closet,

 -2-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

locking herself inside. Defendant broke the victim’s living room window, climbed

inside the apartment, and opened the door to the victim’s closet. Defendant pulled

the victim into the living room, produced a knife from his backpack, and threatened

her.

 When the responding officer arrived at the victim’s apartment, he overheard

the victim tell Defendant, “[t]hat’s why I got a court order.” (Emphasis added).

Defendant responded to the victim’s reference to a court order with “I know, I know.”

The observing officer did not know to which order Defendant or the victim referred.

 At the close of the State’s evidence, Defendant moved to dismiss charges

because they required evidence beyond speculation that Defendant knew the 6

September 2017 DVPO existed. The trial court denied Defendant’s motion to dismiss.

Defendant renewed his motion to dismiss at the close of all evidence on the same

ground. The trial court denied Defendant’s renewed motion to dismiss.

 Further, at trial, Defendant did not object to the trial court’s disjunctive

instruction that included the following theories for the jury to find Defendant guilty

of felonious breaking or entering: (1) that Defendant possessed the intent to violate

the 6 September 2017 DVPO while in possession of a deadly weapon, or (2) that

Defendant possessed the intent to commit assault with a deadly weapon with intent

to kill.

 -3-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

 The jury found Defendant “guilty of felonious breaking or entering in violation

of a valid domestic violence protective order issued [6] September [] 2017.” The jury

made no specific finding concerning whether Defendant intended to kill the victim at

the time of the alleged felonious breaking or entering, or whether he knew of the

existence of the 6 September 2017 DVPO.

 ANALYSIS

 A. Motion to Dismiss

1. Standard of Review

 We review the “trial court’s denial of [Defendant’s] motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). “[W]e must view the

evidence in the light most favorable to the [S]tate and allow the [S]tate every

reasonable inference that may arise upon the evidence, regardless of whether it is

circumstantial, direct, or both.” State v. Cummings, 46 N.C. App. 680, 683, 265 S.E.2d

923, 925, aff’d, 301 N.C. 374, 271 S.E.2d 277 (1980) (emphasis added).

“Contradictions and discrepancies are for the jury to resolve[.]” Cummings, 46 N.C.

App. at 683, 265 S.E.2d at 925.

 Although circumstantial evidence may be sufficient to
 prove a crime, pure speculation is not[.] . . . When the
 essential fact in controversy in the trial of a criminal action
 can be established only by an inference from other facts,
 there must be evidence tending to establish these facts.
 Evidence which leaves the facts from which the inference
 as to the essential fact must be made a matter of conjecture
 and speculation, is not sufficient, and should not be

 -4-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

 submitted to the jury.

State v. Angram, 839 S.E.2d 865, 868 (N.C. Ct. App. 2020) (alterations and quotations

omitted). The trial court should grant a motion to dismiss when evidence “only . . .

raise[s] a suspicion or conjecture as to either the commission of the offense or the

identity of the defendant as the perpetrator of” the offense; such evidence is

insufficient to survive a motion to dismiss. State v. Scott, 356 N.C. 591, 595, 573

S.E.2d 866, 868 (2002).

2. Insufficient Evidence

 A proper conviction for the offense of violating a DVPO while in possession of a

deadly weapon requires the State to present sufficient evidence that the defendant

“knowingly violate[d] a valid protective order[.]” N.C.G.S. § 50B-4.1(g) (2019). Only

the knowing violation element is at issue in this case.

 We have held that “‘knowingly’ . . . means that [the] defendant knew what he

was about to do, and, with such knowledge, proceeded to do the act charged.” State

v. Williams, 226 N.C. App. 393, 399, 741 S.E.2d 9, 14 (2013) (quoting State v. Aguilar-

Ocampo, 219 N.C. App. 417, 428, 724 S.E.2d 117, 125 (2012)). Knowledge can be

inferred from circumstantial evidence, but the inference must be reasonable. State v.

Bogle, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989); see also State v. Boone, 310 N.C.

284, 294-95, 311 S.E.2d 552, 559 (1984), superseded by statute on other grounds as

stated in State v. Oates, 366 N.C. 264, 732 S.E.2d 571 (2012).

 -5-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

 In this case, even in the light most favorable to it, the State did not provide

evidence demonstrating that Defendant knew of the 6 September 2017 DVPO.

Accepting that Defendant received notice that the 6 September 2017 hearing would

occur, no evidence in the Record demonstrates Defendant knew the 6 September 2017

protective order existed. The Notice of Hearing on Domestic Violence Protective Order

and Civil Summons Domestic Violence did not include language threatening

Defendant with arrest if he did not appear at the 6 September 2017 hearing; in fact,

the Civil Summons Domestic Violence did not even contain the date of the hearing.

Further, the entrance of the 6 September 2017 DVPO was not a foregone conclusion,

even if Defendant did not appear at the hearing. The clerk’s office mailed a copy of

the 6 September 2017 DVPO on 7 September 2017 to a place where Defendant no

longer resided, the same morning Defendant arrived at the victim’s apartment.

 The Majority cites two unpublished opinions to advance its analysis regarding

inferring knowledge to a defendant, but I do not find either to be persuasive. State v.

Hairston, 227 N.C. App. 226, 741 S.E.2d 928 (2013) (unpublished); State v. Elder, 206

N.C. App. 763, 699 S.E.2d 141 (2010) (unpublished), supra at 9. See generally Hon.

Donna S. Stroud, The Bottom of the Iceberg: Unpublished Opinions, 37 Campbell L.

Rev. 333, 352-54, 356 (2015).

 As per Williams, the State needed to present evidence of Defendant’s

knowledge of the 6 September 2017 DVPO’s existence; without evidence of

 -6-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

Defendant’s knowledge of such a fact, the State could not show a knowing violation.

Williams, 226 N.C. App. at 399, 741 S.E.2d at 14. However, the State did not provide

evidence of Defendant’s knowledge of the 6 September 2017 DVPO beyond conjecture

and speculation. As a result of the lack of actual evidence showing Defendant’s

knowledge of the 6 September 2017 DVPO, the only reasonable inference from

Defendant saying “I know, I know” in response to the victim’s reference to a DVPO’s

existence would be that it constituted further evidence of Defendant’s knowledge of

the then expired 28 August 2017 DVPO’s existence. Without any evidence to the

contrary, it is not reasonable to infer that Defendant knew what he was about to do,

namely act in violation of the existing 6 September 2017 DVPO at issue; without such

knowledge, he could not knowingly proceed to violate the DVPO. Id. at 399, 741

S.E.2d at 14. The lack of evidence of a knowing violation of the 6 September 2017

DVPO required the trial court to grant Defendant’s motion to dismiss. The trial

court’s denial of Defendant’s motion to dismiss must be reversed. However, that is

not the end of our inquiry in this matter.

 B. Plain Error

 Defendant argues that the trial court’s disjunctive instruction was plain error,

because one of the theories of guilt—that Defendant possessed the intent to violate

the 6 September 2017 DVPO while in possession of a deadly weapon—was

 -7-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

unsupported by the evidence, and the Record does “not indicate which theory the jury

relied on[.]”

1. Standard of Review

 “For error to constitute plain error, a defendant must demonstrate that a

fundamental error occurred at trial. To show that an error was fundamental, a

defendant must establish prejudice—that, after examination of the entire record, the

error had a probable impact on the jury’s finding” of the defendant’s guilt. State v.

Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (quotations omitted). We

“apply the plain error standard of review to unpreserved instructional and

evidentiary errors in criminal cases.” State v. Maddux, 371 N.C. 558, 564, 819 S.E.2d

367, 371 (2018) (reaffirming the plain error standard from Lawrence, 365 N.C. at 518,

723 S.E.2d at 334); N.C. R. App. P. 10(a)(4). Plain error review is typically limited to

“either (1) errors in the judge’s instructions to the jury, or (2) rulings on the

admissibility of evidence.” State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31

(1996). One element of plain error is the alleged error “must seriously affect the

fairness, integrity or public reputation of judicial proceedings.” State v. Thompson,

254 N.C. App. 220, 224, 801 S.E.2d 689, 693 (2017) (internal citation omitted).

“[P]lain error is to be applied cautiously and only in the exceptional case.” Maddux,

371 N.C. at 564, 819 S.E.2d at 371 (quoting Lawrence, 365 N.C. at 518, 723 S.E.2d at

334). Although Defendant did not object to the trial court’s disjunctive instruction at

 -8-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

trial, Defendant argues on appeal that the disjunctive instruction included a theory

unsupported by the evidence and amounted to plain error. We review for plain error.

2. Alternative Theory of Guilt

 A trial court’s instruction containing alternative theories of guilt is plain error

when one of the alternative theories “is not supported by the evidence . . . and . . . it

cannot be discerned from the [R]ecord upon which theory or theories the jury relied

in arriving at its verdict.” State v. Lynch, 327 N.C. 210, 219, 393 S.E.2d 811, 816

(1990). A defendant is entitled to a new trial when such error occurs and has a

“probable impact on the jury’s verdict.” State v. Martinez, 253 N.C. App. 574, 582,

801 S.E.2d 356, 361 (2017) (emphasis omitted).

 In this case, the trial court’s instruction to the jury was disjunctive and

included one theory not supported by the evidence, namely the theory that Defendant

“intended to commit the felony of violation of a domestic violence protective order

entered on [6] September [] 2017, while in possession of a deadly weapon.” Such a

theory required the jury to find Defendant knowingly violated a domestic violence

DVPO, specifically the 6 September 2017 DVPO, and the State presented insufficient

evidence to support that theory. As discussed in Section A above, this was erroneous.

 In addition to the erroneous instruction, the jury returned a guilty verdict that

did not specify which theory it relied on in convicting Defendant. In examining the

trial court’s instruction to the jury, the trial court spent twice as long instructing the

 -9-
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

jury concerning knowing violation of the 6 September 2017 DVPO (4 paragraphs),

with multiple reiterations, as it did instructing the jury regarding assault with a

deadly weapon with intent to kill (2 paragraphs). Further, the only applicable verdict

sheet included in the Record contained “Guilty of Felonious Breaking or Entering in

Violation of a Valid Domestic Violence Protective Order,” but did not include any

reference to the alternative theory of assault with a deadly weapon with intent to kill

referenced by the trial court in its instructions. After examining the Record, and

noting the error that allowed the jury to speculate concerning Defendant’s knowledge

of the 6 September 2017 DVPO, the trial court’s disjunctive jury instruction

containing one theory unsupported by the evidence was plain error.

 C. Sanctions Against the State

 In an attempt to bolster its argument concerning Defendant’s alleged

knowledge of the 6 September 2017 DVPO, the State’s brief incorrectly claims

through a false reference to the Record that “the notice also indicated that if

Defendant failed to appear that judgment would be entered for a Domestic Violence

Protective Order (“DVPO”) against Defendant as requested by [the victim]” and that

the “‘relief demanded by the complaint’ would be granted.” (Emphasis added).

 However, the documents accompanying the 28 August 2017 DVPO, and even

the 28 August 2017 DVPO itself, did not include language of such certitude

communicating that a second, 6 September 2017 DVPO would be entered if

 - 10 -
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

Defendant did not attend the 6 September 2017 hearing. The Civil Summons

Domestic Violence accompanying the 28 August 2017 DVPO included language

regarding what Plaintiff would do in the event Defendant did not attend the

hearing—“[i]f [Defendant] fail[s] to answer the complaint, the [P]laintiff will apply to

the Court for the relief demanded in the complaint.” (Emphasis added). The Notice

of Hearing on Domestic Violence Protective Order included language describing the

28 August 2017 DVPO provisions, that a future hearing would occur, and what that

future hearing would decide—

 The attached Ex Parte Order has been issued against you.
 If you violate the Order, you are subject to being held in
 contempt or being charged with the crime of violating this
 Ex Parte Order. A hearing will be held before a district
 court judge at the date, time and location indicated below.
 At that hearing it will be determined whether the Order
 will be continued.

(Emphasis added). Even the Notice to Parties at the bottom of the 28 August 2017

DVPO only included information regarding weapon possession, storage, and return

to Defendant, as well as provisions for what Plaintiff could do with the DVPO—make

copies; could not change the terms of the DVPO, as only the trial court could change

the terms; and contact law enforcement and the Clerk of Court if Defendant violated

the DVPO.

 The comments quoted above from the State’s brief are misleading, and I would

sanction the State by imposing triple costs. N.C. R. App. P. 34(a)(3) (2020).

 - 11 -
 STATE V. TUCKER

 MURPHY, J., concurring in part, dissenting in part, and concurring in the judgment.

 CONCLUSION

 The trial court erred when it denied Defendant’s motion to dismiss all charges

related to the violation of a valid domestic violence protective order issued 6

September 2017. The trial court committed plain error when it gave the disjunctive

jury instruction that included a theory of guilt predicated on Defendant’s knowledge

of the 6 September 2017 DVPO, which was not supported by the evidence. I concur

in part, and in the judgment, but would sanction the State for misleading comments

in its brief, and would not rely on or bother to distinguish the two unpublished and

nonbinding opinions cited by the Majority.

 - 12 -